UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GOWAN OMAR MCLIN, Debtor. | Case No. 26-25787-C-13<br>Chapter 13<br>DCN-BRL-1 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

These Findings of Fact and Conclusions of Law are rendered pursuant to Federal Rule of Bankruptcy Procedure 7052, incorporating Federal Rule of Civil Procedure 52.

This is a motion for relief from automatic stay by creditors TROY S. WINSLOW AND ROBIN L. WINSLOW, TRUSTEES OF THE TROY S. WINSLOW AND ROBIN L. WINSLOW FAMILY TRUST DATED 11/15/1991'S ("Creditors").

The evidence establishes that the Creditors loaned Stand On It Holding Company, LLC ("Stand On It") $435,035.017 secured by real property commonly known as 5513 Moonlight Way, Elk Grove, California.

The debtor on his Petition inconsistently lists his address as 20 Towerside Ave., San Francisco, CA 94134. This inconsistency raises a bona fide issue of which location is the debtor's actual address. The Creditors have argued that the Debtor has been untruthful about ownership and who the borrower is.

The "business purpose commercial loan application" Dkt. 34, Ex. C, lists the borrower as Stand on It Holding Company LLC, Gowan McLin 20% manager, Lajuene Smith 80% manager.

The Promissory Note and the Deed of Trust are signed by Lajuene Smith, manager, and Gowan McLin, manager. (Dkt. 34, Exs. A & B). Lajeune Smith and Gowan McLin are guarantors. (Dkt. 34,

Ex. C).

The evidence also establishes that subsequent to the loan, the subject property was transferred from Stand on It Holding Company LLC to Gelil McLin, Lajuene Smith, and Gowan McLin on April 16, 2025. (Dkt. 49, par. 19).

This case is Gowan McLin's second Chapter 13 case within one year. The prior case was No. 26-23690. The Debtor was represented by counsel.

In the prior case, this Court granted relief from the automatic stay by order entered September 11, 2026. (No. 26-23690, Dkt. 45). That order was not appealed.

The prior case was dismissed by this Court on September 29, 2026, after the time to appeal the stay-relief order expired.

The present Chapter 13 case No. 26-25787 was filed by Gowan McLin acting pro se on September 30, 2026.

This Court denied the Debtor's motion to extend automatic stay by order entered October 29, 2026, in which it was explained that the Debtor had not carried his burden under 11 U.S.C. § 362(c)(3)(C) to overcome by "clear and convincing evidence" the statutory presumption that No. 26-25787 was "presumptively filed not in good faith." (Dkt. 23).

In that October 29 order declining to extend the automatic stay, this Court added that the Creditors had obtained relief from the automatic stay in No. 26-23690 with respect to 5513 Moonlight Way, Elk Grove, California, a mere nineteen days before the Debtor filed No. 26-25787.

The close proximity in time of the prior stay-relief order warranted the inference that the prior stay-relief order should,

as a matter of judicial discretion, be afforded issue preclusive effect because the property and the operative facts are identical. Nothin suggests a material change in circumstances.

No further stay relief order is necessary in this case No. 26-25787 because § 362(c)(3)(A) prescribes that the stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A).

It follows that the automatic stay in No. 26-25787, as a matter of law, terminated October 30, 2026. There is now no stay from which to grant relief.

On October 31, 2026, the Creditors filed a motion for relief from stay and for adequate protection of their interest under Docket Control No. BRL-1 and set a hearing for November 17, 2026. (Dkt. 30).

There being no stay from which to grant relief, this Court construes Motion No. BRL-1 by the Creditors as a request for an order confirming that no stay is in effect and a request for declaration that adequate protection is required by virtue of 11 U.S.C. § 361.

Hearing was held on November 17, 2026. The Debtor and counsel for the Creditors appeared and argued. At the conclusion of the hearing, this Court took the matter as submitted.

It is noted that on November 5, 2026, the Debtor filed a Notice of Appeal regarding this Court's order declining to extend the automatic stay and elected to have the appeal heard by the District Court. (Dkt. 38).

It is further noted that the Debtor filed on November 17, 2026, a Notice of Appeal, with an election to the District Court,

from an order supposedly entered November 16, 2026, on Motion No. BRL-2. (Dkt. 56.)

There was no motion designated as Motion BRL-2, and there was no order entered on November 16, 2026. This Court infers that the Debtor meant to challenge a tentative ruling on Motion BRL-1 that was posted on November 16 preliminary to the November 17 hearing at which the Debtor was heard. This Court did not adopt the tentative ruling; instead, after having heard the parties, these findings of fact and conclusions of law constitute the ruling on Motion BRL-1.

The Debtor also filed on November 17, 2026, a motion for stay pending appeal of BRL-2. (Dkt. 55).

The motion for stay pending appeal will be denied as lacking merit. As noted above the automatic stay expired as a matter of law effective October 30, 2026. This Court's order confirming that no stay is in effect does nothing to alter the status quo.

This Court will issue two orders. One order will confirm pursuant to Motion BRL-1 that no stay is in effect and that the Creditors are entitled to adequate protection of their interest. The second order will deny, for the reasons stated herein, the Debtor's motion for stay pending appeal appearing as Docket 55.

Because there is no automatic stay in effect from which to grant relief, the 14-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(4) does not apply. No impediment of bankruptcy law prevents Creditors from enforcing their rights pursuant to applicable nonbankruptcy law.

There being no automatic stay in effect from which to grant relief, the Creditors' invitation to make a determination under

11 U.S.C. § 362(d)(4), no matter how meritorious, is declined.

Dated: November 19, 2026

United States Bankruptcy Judge

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Gowan Omar McLin
20 Towerside Ave
San Francisco, CA 94134

Benjamin R. Levinson
Levinson Law APC
4100 Moorpark Avenue, Suite 233
San Jose, CA 95117

David Cusick
110 Woodmere Rd
Suite 290
Folsom, CA 95630

Office of the US Trustee
501 I Street, Suite 7-500
Sacramento, CA 95814